IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Valerie Carchidi,<br><br>  Plaintiff<br><br>*versus*<br><br>New Cumberland Borough and Nathan Dysard,<br><br>  Defendants | Case No:<br><br>Jury Trial Demanded |

**COMPLAINT**

**Introduction**

1. This is an action for unlawful employment discrimination and retaliation based on sex and disability, and for violations of Plaintiff's rights under federal and state law. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Pennsylvania Human Relations Act (PHRA), and 42 U.S.C. § 1983.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under federal law.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Middle District of Pennsylvania.

## Parties

5. Plaintiff Valerie Carchidi ("Carchidi") is an adult female residing in Cumberland County, Pennsylvania.

6. Defendant New Cumberland Borough ("Borough") is a Pennsylvania municipal entity and Plaintiff's former employer.

7. Defendant Nathan Dysard ("Dysard") is the Borough Manager and is sued in his individual capacity.

## Administrative Exhaustion

8. Carchidi dual-filed timely charges with the EEOC and PHRC.

9. The EEOC and PHRC issued Right to Sue letters, and Carchidi filed this action within 90 days of receipt.

**Factual Background**

10. Carchidi was hired by the Borough on August 24, 2021, as Director of Community and Economic Development.

11. Carchidi suffers from generalized anxiety disorder and adjustment disorder.

12. In early 2022, Defendant Dysard became Borough Manager and began engaging in harassing and sexist conduct toward Carchidi and other women in the workplace.

13. On June 1, 2022, Dysard revoked Carchidi's agreed-upon remote work arrangement because he did not think she should have a benefit he did not.

14. Dysard treated Carchidi (and other women) differently than their male counterparts by unfairly critiquing their work, making sexist comments, and acting in a hostile manner toward women.

15. Over the two years following Dysard's hire, Carchidi repeatedly reported his sexist and harassing conduct to Borough Council, which failed to take corrective action.

16. Borough Council's failure to address Carchidi's concerns of sex-based discrimination seriously is perhaps unsurprising because

members of Borough Council have also engaged in similar conduct. For example, on November 17, 2022, in the parking lot of a restaurant in New Cumberland, prior to a work lunch meeting, Council President Don Kibler made an inappropriate sexual pass at Carchidi, telling her, "I had a dream about you and asked you if you would have sex with me." Carchidi rejected Kibler's sexual advance.

17. On two occasions in early 2024, in response to Carchidi raising concerns about Dysard's sex-based discriminatory conduct, Kibler acknowledged the problem, but encouraged Carchidi to simply accept it, telling Carchidi, "Even if we sent Nate to etiquette/primping school, a tiger doesn't change his stripes."

18. In January 2024, the Borough initiated a sham investigation into Carchidi's complaints.

19. As a result of the Borough's failure to take remedial action regarding Dysard's discriminatory conduct, the symptoms of Carchidi's anxiety and adjustment disorders worsened and on April 4, 2024, she requested a medical leave of absence.

20. The April 4, 2024 request for medical leave should have been treated by the Borough as a request for ADA accommodation and FMLA leave.

21. The Borough failed to engage in the interactive process and initially notified Carchidi that her employment would be terminated.

22. The Borough's initial response to terminate Carchidi in response to her request for medical leave demonstrated a deliberate intention to violate Carchidi's rights under the ADA and FMLA.

23. Following Carchidi's objections, Defendants reluctantly rescinded the termination and granted FMLA leave after they consulted with legal counsel.

24. At the conclusion of her FMLA leave, Carchidi requested reasonable accommodations, including remote work and recorded meetings.

25. The Borough partially denied accommodations, falsely claiming that in-person work was an essential function of Carchidi's position.

26. At that time, Defendants also falsely claimed Carchidi's work performance was poor and that she engaged in insubordination. These alleged concerns were not raised prior to Carchidi raising concerns of sex harassment and requesting leave and reasonable accommodation; therefore, they appear to have been offered in retaliation for Carchidi engaging in protected activity.

27. When Carchidi declined to return to in-person work because of her medical restrictions, Defendants terminated her employment on September 30, 2024.

28. Carchidi had no disciplinary history and was a stellar employee.

29. The timing of the termination, coupled with Defendants' discriminatory conduct, demonstrates pretext and retaliatory motive.

### COUNT I – TITLE VII
### Sex Discrimination and Retaliation
(Defendant New Cumberland Borough)

30. Carchidi incorporates the previous allegations here.

31. Defendant Borough discriminated against Carchidi on the basis of sex and retaliated against her for opposing such discrimination, in violation of Title VII.

32. As a result, Carchidi suffered loss of employment, wages, benefits, and emotional distress.

## COUNT II – ADA
### Disability Discrimination, Failure to Accommodate, and Retaliation
(Defendant New Cumberland Borough)

33. Carchidi incorporates the previous allegations here.

34. Carchidi is a qualified individual with a disability within the meaning of the ADA.

35. Defendant Borough failed to provide reasonable accommodations, failed to engage in the interactive process, and terminated Carchidi because of her disability and protected activity.

## COUNT III – FMLA
### Retaliation
(Defendants New Cumberland Borough and Dysard)

36. Carchidi incorporates the previous allegations here.

37. Defendant Borough retaliated against Carchidi for exercising her rights under the FMLA, resulting in damages.

## COUNT IV - PHRA
### Sex and Disability Discrimination and Retaliation
(Defendants New Cumberland Borough and Dysard)

38. Carchidi incorporates the foregoing paragraphs.

39. Defendants discriminated and retaliated against Carchidi in violation of the PHRA.

40. Dysard was the decision-maker and aided and abetted in the discriminatory and retaliatory conduct.

## COUNT V – 42 U.S.C. § 1983
### Violation of Equal Protection and Due Process
(Defendants New Cumberland Borough and Dysard)

41. Carchidi incorporates the above allegations here.

42. Defendants, acting under color of state law, deprived Carchidi of rights secured by the US Constitution, including the right to equal protection and to be free from discrimination and retaliation for protected speech.

43. Defendant Dysard is individually liable for his personal involvement in these constitutional violations.

44. Defendant Borough is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the discriminatory and retaliatory acts occurred pursuant to official policy, custom, or deliberate indifference by policymakers.

## Damages and Remedies

45. As a direct and proximate result of Defendants' actions, Plaintiff has suffered:

    a. Lost wages and benefits;

    b. Emotional pain, suffering, and mental anguish;

    c. Loss of professional reputation; and

    d. Other pecuniary and non-pecuniary losses.

46. Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award:

    a. Back pay and front pay;

    b. Compensatory, emotional distress, and humiliation damages;

    c. Punitive damages, where permitted by law;

    d. Liquidated damages under the FMLA;

    e. Attorneys' fees and costs;

    f. Pre- and post-judgment interest; and

    g. Such other relief as this Court deems just and proper.

## Jury Demand

47. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

KREVSKY BOWSER LLC

<u>/s/ Anthony T Bowser</u>
Anthony T Bowser (PA #204561)
abowser@krevskybowser.com
20 Erford Road | Suite 300A
Lemoyne, PA  17043
717.731.8600
*Counsel for Plaintiff*